UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KENNETH S. JOSEPH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 2:12-cv-01990-RCJ-VCF |
| v. | ) |
| | ) **O R D E R** |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) (Motion to Proceed *In Forma Pauperis* #1 and Complaint #1-1) |
| Defendant. | ) |

Before the court are plaintiff Kenneth S. Joseph's Motion/Application to Proceed *In Forma Pauperis* (#1) and Complaint (#1-1).

**I.   *In Forma Pauperis* Application**

Plaintiff Kenneth S. Joseph asserts in his motion/application to proceed *in forma pauperis* that he is unemployed and receives food stamps of $200.00 per month. (#1). Plaintiff lives in his motor home and does not have monthly expenses such as utilities or rent. *Id.* Plaintiff has a zero balance in his checking or saving account and owns a Winnabago motor home valued at $5,000.00. *Id.* Accordingly, plaintiff's request to proceed *in forma pauperis* is granted pursuant to § 1915(a).

**II.   Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal

quotations and citation omitted).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of *a pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

### A.     Plaintiff's Complaint

Plaintiff's complaint arises from an unfavorable decision by the Commissioner of Social Security Administration (hereinafter "Commissioner"). (#1-1). Plaintiff asserts that he is "disabled as that term is defined in the Social Security Act." *Id.* Plaintiff states that he "filed an application for disability insurance benefits and supplemental security income alleging disability in accordance with the legal requirements of the Social Security Act," but that "[t]he Commissioner denied the applications initially and upon reconsideration." *Id.* Plaintiff filed the instant complaint seeking judicial review of the Commissioner's decision and requesting this court reverse that decision, or in the alternative, remand this matter for a new hearing. *Id.*

Plaintiff may appeal to this court the Commissioner's denial of his application for disability insurance benefits and for supplemental security income. *See* 42 U.S.C. §§ 405(g) and 1383. This court has jurisdiction over the matter. *Id.* Construing plaintiff's allegations in light most favorable to plaintiff Joseph, the court finds that plaintiff has asserted a claim upon which relief can be granted. *See Russell*, 621 F.2d at 1039; *Haines*, 404 U.S. at 520.

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiff's Application to Proceed *In Forma Pauperis* (#1) is GRANTED.

IT IS FURTHER ORDERED that the plaintiff is permitted to maintain the action to conclusion without the necessity of prepayment of any additional fees, costs, or security. This order granting *in forma pauperis* status does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that the Clerk of the Court file the Complaint (#1-1) and serve the Commissioner of the Social Security Administration by sending a copy of the summons and Complaint (#1-1) by certified mail to: (1) General Counsel, Social Security Administration, Room 611, Altmeyer Bldg., 6401 Security Blvd., Baltimore, Maryland 21235; (2) the Attorney General of the United States, Department of Justice, 950 Pennsylvania Avenue, N.W., Room 4400, Washington, D.C. 20530, and (3) the Office of the Regional Chief Counsel, Region IX, Social Security Administration, 160 Spear St., Suite 899, San Francisco, CA 94105-1545.

IT IS FURTHER ORDERED that the Clerk of Court issue summons to the United States Attorney for the District of Nevada and deliver the summons and Complaint to the U.S. Marshal for service.

IT IS FURTHER ORDERED that from this point forward, plaintiff must serve upon defendant, or his attorney if he has retained one, a copy of every pleading, motion, or other document submitted for consideration by the court. Plaintiff must include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or their counsel. The court may disregard any paper received by a district judge, magistrate judge, or the Clerk which fails to include a certificate of service.

DATED this 30th day of November, 2012.

**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**