UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Kenneth S. Joseph,

    Plaintiff

v.

Commissioner of Social Security,

    Defendant

Case No. 2:12-cv-1990-JAD-VCF

**Order**
[## 16, 20, 22]

Kenneth Joseph is a Social Security claimant with type-two diabetes mellitus and depressive disorder.[1] Administrative Law Judge (ALJ) Norman Bennett denied Joseph Social Security benefits because he found that Joseph—despite his condition—can perform a significant number of occupations and thus is not disabled within the meaning of the Social Security Act.[2] Joseph moves for reversal or remand of the ALJ's decision, and the Commissioner of Social Security crossmoves for its affirmance.[3] Magistrate Judge Cam Ferenbach reviewed the decision and issued a report and recommendation in which he agrees with the ALJ's decision and recommends that I deny Joseph's motion.[4] Joseph offers five objections to the magistrate judge's report and recommendation.[5] Having reviewed the record and law, I adopt Judge Ferenbach's report and recommendation and affirm ALJ Bennett's decision to deny Joseph's Social Security benefits claims.

---

[1] *See* Doc. 16 at 4; *see also* Doc. 20 at 2. The parties both stipulate that the ALJ "fairly and accurately" summarized the evidence in the record, while the defendant does not dispute the summaries in Joseph's motion to reverse. Doc. 16 at 4; Doc. 20 at 2.

[2] A.R. 24–32.

[3] Docs. 16, 20.

[4] Doc. 22.

[5] Doc. 23. The Commissioner did not respond to Joseph's objections.

**Standard of Review**

A disability-benefits claimant initially bears the burden to prove that he cannot "engage in substantial gainful activity due to a medically determinable physical or mental impairment, which has lasted or can be expected to last for a continuous period of not less than 12 months."[6] Disability is found "only if the impairment is so severe that, considering age, education, and work experience, that person cannot engage in any other kind of substantial gainful work which exists in the national economy."[7] If the claimant can show that he is unable to resume his prior work, the burden shifts to the government to show that the claimant can perform substantial and gainful employment or "a significant number of other jobs" in the national economy.[8]

When reviewing a Social Security benefits denial, the district court applies the de novo standard of review.[9] The district court must determine whether the ALJ's factual findings are supported by substantial evidence and his legal findings are erroneous.[10] "Substantial evidence is more than a scintilla but less than a preponderance—it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion. If evidence is susceptible of more than one

---

[6] *Id.* (quoting *Marcia v. Sullivan*, 900 F.2d 172, 174 (9th Cir. 1990); 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted).

[7] *Id.* (quoting *Marcia*, 900 F.2d at 174) (internal quotation marks omitted).

[8] *Id.* (citing *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007) (quoting *Thomas v. Barnhart*, 278 F.3d 947, 955 (9th Cir. 2002) (internal quotation marks omitted). As this order discusses below, various factors are considered at this stage, including "residual functional capacity and vocational factors such as age, education, and past work experience." *Matney*, 981 F.2d at 1018 (citing 20 C.F.R. §§ 404.1520(f), 416.920(f)).

[9] *Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004) (citing *Morgan v. Comm'r*, 169 F.3d 595, 599 (9th Cir. 1999)).

[10] 42 U.S.C. § 405(g) (the findings "as to any fact, if supported by substantial evidence, shall be conclusive"); *Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993) (citing *Brawner v. Sec'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988); *Caenen v. Sec'y of Health & Human Servs.*, 722 F. Supp. 629, 632 (D. Nev. 1989) (citing *Lewin v. Schweiker*, 654 F.2d 631, 633 (9th Cir. 1981); 42 U.S.C. § 405(g)).

rational interpretation, the decision of the ALJ must be upheld."[11] District courts review the entire record, weighing evidence that both favors and detracts from the administrative decision.[12] Where the evidence could support either affirmation or reversal, "the court may not substitute its judgment for that of the ALJ."[13]

A magistrate judge may prepare "proposed findings of fact and recommendations for the [matter's] disposition."[14] If any party objects to these findings and recommendations, the district court must review the objections de novo.[15] Where no objections are made, the standard of review is at the district judge's discretion.[16] I evaluate Mr. Joseph's objections on a de novo standard of review and examine the unobjected-to portions of the magistrate judge's report and recommendation for abuse of discretion.

## Discussion

The parties stipulate that the ALJ properly summarized the medical and non-medical evidence in this case, except as specifically challenged in Joseph's motion to reverse. The sole issue on appeal is whether the ALJ had substantial evidence to reject Joseph's subjective symptom testimony. I recognize that the policy behind deference to ALJ decisions is particularly applicable to credibility determinations like this because the ALJ had the opportunity to hear and observe live testimony, while I review this case on the basis of a sterile written record.

---

[11] *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (quoting *Orteza v. Shalala*, 50 F.3d 748, 749 (9th Cir. 1995) (internal citation omitted) (internal quotation marks omitted); *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992); *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

[12] *Penny*, 2 F.3d at 956 (citing *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985).

[13] *Matney*, 981 F.2d at 1018.

[14] 28 U.S.C. 636(b)(1)(B).

[15] 28 U.S.C. 636(b)(1); *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1125 (D. Ariz. 2003) (quoting *United States v. Reyna-Tapia*, 328 F.3d 1114, 1122 (9th Cir. 2003)).

[16] *See* 28 U.S.C. § 636(b)(1); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121–22 (9th Cir. 2003) (emphasis in original) (a "district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.").

Joseph offers five objections to Magistrate Judge Ferenbach's report. I address them in turn.

### A. First Objection: Elevated Medical Reports

Joseph first objects that, while the ALJ merely discussed medical opinions in the record, Magistrate Judge Ferenbach "elevates a discussion of medical reports into a clear and convincing reason."[17] Even if the magistrate judge did so, he clearly states in the report and recommendation that the court "may not substitute its judgment for the weigh the ALJ gave to the medical source opinion of functionality on the record," and he deferred to the ALJ's medical findings.[18] Accordingly, the record does not reflect that Magistrate Judge Ferenbach elevated medical opinions beyond the ALJ's treatment of those opinions. This objection is overruled.

### B. Second Objection: Generalized Credibility Findings

Joseph next objects that neither the ALJ nor Judge Ferenbach identifies what testimony is and is not credible, even though the law requires ALJs to make specific findings and instructs them that general findings do not suffice.[19] Joseph relies on Ninth Circuit decisions including *Reddick v. Chater* that disallow general findings on credibility: "rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."[20]

In his decision, the ALJ specifically found that Joseph's "statements concerning the intensity, persistence, and limiting effects of his symptoms were not credible to the extent they were inconsistent with the [previously discussed] residual functional capacity assessment because they were not supported by the objective medical signs and findings of the record as a whole under SSR

---

[17] Doc. 23 at 6.

[18] Doc. 22 at 5.

[19] Doc. 23 at 6.

[20] Doc. 22 at 5 (quoting *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998); *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996)) (internal quotation marks omitted)("The ALJ must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion.").

4

96-7p."[21] The ALJ went on to find that Joseph's counsel's hypothetical question, asking a vocational expert why Joseph missed up to four work days every month, was unsupported by medical evidence because "his conditions were controlled by conservative care, and minimal treatment."[22]

The ALJ went beyond identifying the testimony that undermined Joseph's claim to specify that medical evaluations from Dr. Wilson, Dr. Yao, and Dr. Kamal were "given great weight."[23] In discussing evidence from these doctors, the ALJ found that their opinions were credible because they were "based on a thorough examination of the claimant, given within an area of his expertise, and consistent with the medical evidence."[24] Dr. Mark Evans's opinion was given "some weight" on the issue of affective disorders, while Dr. P. Davis's opinion was given "great weight" on the same issue because the ALJ concluded that, "[b]ased on the claimant's limited social relationships and interactions with others, a finding of 'moderate' limitation in maintaining social functioning was more appropriate."[25] On this record, I find that the ALJ not only made the specific credibility findings that Joseph argues were necessary, but the ALJ also placed different weigh on different evidence. This indicates a specific, individualized assessment of Joseph's health.

I therefore overrule Joseph's general-findings objection.

C.  **Third Objection: Medical-Examiner Opinions**

Joseph's third objection is that the magistrate judge incorrectly construed the Ninth Circuit's decision in *Tonapetyan v. Halter*.[26] Magistrate Judge Ferenbach found that the ALJ provided a proper analysis of the consultative examiners' objective, medical findings based in part on *Tonapetyan* and that Joseph conceded the propriety of these examiner opinions because he did not

---

[21] A.R. 28.

[22] *Id.*

[23] *Id.* at 29–30.

[24] *Id.*

[25] *Id.* at 30.

[26] Doc. 23 at 6.

challenge them.[27] *Tonapetyan* recognizes that, "[a]lthough the contrary opinion of a non-examining medical expert does not alone constitute a specific, legitimate reason for rejecting a treating or examining physician's opinion, it may constitute substantial evidence when it is consistent with other independent evidence in the record."[28]

Joseph was physically and psychologically assessed by five doctors, whose credibility the ALJ individually weighed and explained.[29] Based on the consistent thread that emerged from these examinations and evaluations, the ALJ found substantial evidence to reach a conclusion: Joseph "had the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except he was limited to simple tasks with simple instructions and can only have occasional contact with supervisors, co-workers, and the general public."[30] Joseph still offers no objection to these experts' opinions.[31] I therefore overrule Joseph's objections to the extent that they are based on *Tonapetyan* or the propriety of examiner opinions.

### D. Fourth Objection: Post Hoc Reasoning

Joseph next argues that the magistrate judge "creates a reason that is not found in the ALJ's decision" and affirms the ALJ on that basis.[32] Magistrate Judge Ferenbach wrote: "That no medical source opined greater functionality than the ALJ assessed was a valid reason to discount Mr. Joseph's claims of greater limitations."[33] This is a logical assessment: if the ALJ never claimed to find a higher level of functionality than the medical sources claimed to find, then the ALJ could not

---

[27] Doc. 22 at 4–5.

[28] *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (citing *Magallanes v. Brown*, 881 F.2d 747, 752 (9th Cir. 1989)).

[29] A.R. 29–30.

[30] *Id.* at 28; *see also id.* at 28–30.

[31] *See* Doc. 23 at 6–7.

[32] *Id.* at 7.

[33] Doc. 22 at 5.

6

have gone beyond the objective medical evidence. Joseph's objection relies on cases that warn against speculating about why an ALJ reached a particular determination and contends that, if the ALJ's decision fails on its face to explain how he reached a conclusion, the decision must be remanded.[34] While I agree that remand is appropriate when an ALJ fails to provide a clear and reasoned basis for his decision, this case is distinguishable: ALJ Bennett provided a detailed discussion of what the medical evidence was and how he reached his determination.[35] Rather than creating a post hoc reason to affirm, the magistrate judge was declining to "substitute [his] judgment for the weight the ALJ gave to the medical source opinion of functionality on record, none of which Mr. Joseph challenges."[36] Because this is the appropriate way to address both the ALJ's decision and Joseph's appeal, I overrule the objection.

### E.     Fifth Objection: The Hypothetical Question

Finally, Joseph urges that his hypothetical question to the vocational expert, about why he missed up to four work days each month, should be credited as true because the ALJ failed to provide clear and convincing reasons for rejecting it.[37] Joseph relies on the Ninth Circuit's decision in *Varney v. Secretary of Health and Human Services*, in which Judge Reinhardt wrote for the panel, "[r]equiring the ALJs to specify any factors discrediting a claimant at the first opportunity helps to improve the performance of the ALJs by discouraging them from 'reach[ing] a conclusion first, and then attempt[ing] to justify it by ignoring competent evidence in the record that suggests an opposite result.'"[38] This is an important safeguard; but Judge Reinhardt was speaking to a specific context: "In order to ensure that subjective pain testimony is accorded proper weight, and to allow us to

---

[34] Doc. 23 at 7 (gathering cases).

[35] *See* A.R. 24–32.

[36] Doc. 22 at 5.

[37] Doc. 23 at 8.

[38] *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1398 (9th Cir. 1988) (quoting *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984)).

properly perform our function of reviewing administrative decisionmaking, we require the ALJs to put forward *specific reasons* for discrediting a claimant's excess pain testimony."[39] Joseph's hypothetical question was about his ability to work, not his pain levels, and the normal standard of review—whether the ALJ had substantial evidence to make his factual determination—applies here.

This level of proof "is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion" and, if the evidence can be rationally interpreted in more than one way, I am obligated to uphold the ALJ's decision.[40] Even though this was not a pain determination, the ALJ specified his reason for not giving weight to Joseph's hypothetical question: it "was unsupported by the medical evidence."[41] In presenting his objection, Joseph points to his own testimony that, every fortnight, he stays isolated in bed for two or three days in a row.[42] He does not point to any medical evidence supporting this, even though he underwent multiple psychological evaluations for this case.[43] Accordingly, I do not find that Judge Ferenbach or the ALJ should have considered this hypothetical question as evidence in their decision.

## Conclusion

Accordingly,

IT IS HEREBY ORDERED that Magistrate Judge Cam Ferenbach's report and recommendation **[Doc. 22] is ADOPTED**.

IT IS FURTHER ORDERED that Kenneth Joseph's motion to remand to the Social Security Administration **[Doc. 16] is DENIED** and the Commissioner's cross-motion to affirm **[Doc. 20] is GRANTED**.

---

[39] *Id.* (citations omitted) (emphasis in original).

[40] *Lewis*, 498 F.3d at 911 (citations omitted) (internal quotation marks omitted); *Matney*, 981 F.2d at 1018; *Tackett*, 180 F.3d at 1098.

[41] A.R. at 28.

[42] Doc. 23 at 8.

[43] *See id.*

8

The Clerk of Court is instructed to **CLOSE** this case.

DATED June 24, 2015.

_____
Jennifer A. Dorsey
United States District Judge

9